UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| KEITH WILLIAM OVERBEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:13CV00134 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This case is a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by Keith William Overbey, a person in federal custody. Overbey was convicted by a jury of being a Felon in Possession of a Firearm but a mistrial was declared on two other counts. He later plead guilty to one of those counts, Aiding and Abetting Brandishing a Firearm During a Crime of Violence. At sentencing this Court varied upward from the advisory United States Sentencing Guidelines range and sentenced Overbey to the Bureau of Prisons for a term of 240 months imprisonment. Overbey's § 2255 action is fully briefed and ripe for disposition.

## INTRODUCTION

Overbey has filed a Petition under 28 U.S.C. Section 2255 requesting that his convictions be set aside on the grounds that he received ineffective assistance of counsel at his sentencing. He lists four allegations of ineffective assistance of counsel: (1) His lawyer failed to file a "written objection" at sentencing to the upward departure; (2) His lawyer failed to object at sentencing to an inappropriate application of the sentencing factors under 18 U.S.C. Section 3553(a); (3) His lawyer failed to object to a "procedural error" by which the sentencing judge failed to give an adequate explanation of the sentence; and (4) His lawyer failed to provide

"effective assistance of counsel in sentencing, direct appeal, and in all critical phases of the proceedings."

Overbey also filed a Motion to Supplement his 28 U.S.C. 2255 Motion, alleging two additional grounds for relief. In Supplemental Ground One, Overbey claims that he is entitled to "vacatur" of his 84 month sentence on Count Two, for the offense of aiding and abetting the use, carrying, and brandishing of a firearm in furtherance of an armed bank robbery. He claims that he should have been sentenced to a five year term for Count Two, consecutive to his term of imprisonment imposed for Count IV, rather than a seven year consecutive term of imprisonment. Overbey denies that he ever admitted to brandishing a firearm during the offense alleged in Count Two, and bases his claim on the holding of *Alleyne v. United States*, 133 S.Ct. 2151 (2013).

In Supplemental Ground Two, Overbey claims that he was denied his Sixth Amendment right to effective assistance of counsel for Count II because he alleges that his counsel failed to adequately convey the Government's purported plea offer of 14 years imprisonment. Overbey claims that he would have accepted the Government's purported 14 year plea offer and would not have insisted on proceeding to trial.

Supplemental Grounds One and Two are addressed as Grounds 5 and 6 in the remainder of the memorandum.

## PROCEDURAL HISTORY

The background of the case was succinctly described by the Eighth Circuit in its opinion affirming Overbey's conviction in his direct appeal. The Court wrote:

On December 14, 2010, Teresa Aguilera robbed Peoples Bank of

Altenburg, Missouri, using a rifle to threaten bank employees. Overbey, Aguilera's brother, helped plan the robbery, drove the getaway car, and supplied Aguilera with the rifle and other items Aguilera used during the robbery. After the robbery, Overbey gave the rifle to his son, Keith Ryan Overbey (Ryan), with instructions to throw the rifle in the river.

On September 27, 2011, a federal grand jury charged Overbey with (1) aiding and abetting armed bank robbery, in violation of 18 U.S.C. Sections 2 and 2113(a) and (d) (Count I); (2) aiding and abetting the use, carrying, and brandishing of a firearm during a bank robbery (Count II); and (3) being a felon in possession of a firearm (Count IV). At Overbey's trial, Ryan testified Overbey admitted his role in the robbery and told Ryan to dispose of the rifle. Overbey's ex-girlfriend, Ida Mangrum, reported Overbey called her shortly before his trial and asked her to tell Ryan not to testify. The jury found Overbey guilty of Counts II and IV and not guilty of Count I. The district court accepted the guilty verdict on Count IV and rejected the verdicts on Counts I and II as inconsistent, instructing the jurors to continue deliberating. After the jury indicated it could not agree on Counts I and II, the district court declared a mistrial on those counts. On November 29, 2011, pursuant to a plea agreement, Overbey pled guilty to Count II in exchange for dismissing Count I.

The presentence investigation report (PSR) calculated a total offense level of twenty-four, which included an enhancement for obstruction of justice based on Overbey's attempt to dissuade Ryan from testifying, and a criminal history category of IV. This calculation resulted in a Guidelines range of 77 to 96 months on Count IV and a consecutive Guidelines sentence of 84 months (the statutory mandatory minimum) on Count II, for a total range of 161 to 180 months imprisonment.

The district court adopted, without objection by either party, the PSR's factual findings and Guidelines calculation and then varied upward to a sentence of 240 months imprisonment. The district court found the Guidelines calculation understated Overbey's criminal history because the calculation did not include several convictions and because Overbey had 'been in and out of prison all of [his] adult life.' The court explained Overbey 'seem[ed] to be incorrigible' and had 'shown no remorse.' The district court also expressed concern with Overbey's conduct toward his son and sister, noting Ryan 'had tears coming down his face because he had to testify against his father because his father wouldn't man up and admit that he was guilty' and his sister 'was terribly emotional and crying.' The district court added, "Overbey's attempt to . . . get them not to testify' was 'downright rotten.' The district court stated it had considered all of the 18 U.S.C. Section 3553(a) sentencing factors,

> in particular the nature and circumstances of the offense[,] . . . [Overbey's] criminal history and [his] lack of remorse . . . the seriousness of the offense, the need to promote respect for the law

and to provide just punishment in this case, also to afford adequate
deterrence to [Overbey's] criminal conduct and to protect the
public from further criminal activity which [Overbey had] given no
indication that will dissipate in any respect.

The district court also expressed concern for 'the sentencing objectives of just punishment and general deterrence and incapacitation.'

*United States v. Overbey*, 696 F.3d 702, 704-705 (8th Cir. 2011).

## **TEST FOR INEFFECTIVE ASSISTANCE OF COUNSEL**

In order to prevail on a theory of ineffective assistance of counsel, the Movant must demonstrate two separate things: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's deficient performance materially and adversely prejudiced the outcome of the case. *Strickland v. Washington*, 466 U.S. 668 (1984); *Furnish v. United States of America*, 252 F.3d 950, 951 (8th Cir. 2001). While counsel has a duty to make reasonable investigations and decisions, "in determining whether counsel's performance was deficient, the court should 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Collins v. Dormire*, 240 F.3d 724, 727 (8th Cir. 2001) (citing *Strickland*, 466 U.S. at 689).

In order to prove that counsel's error was prejudicial, Movant must show that Athere is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability has been described as "a probability sufficient to undermine confidence in the outcome." *Id*. However, the reviewing court need not address the issue of counsel's performance if it determines that the movant "suffered no prejudice from the alleged ineffectiveness." *Pryor v. Norris*, 103 F.3d 710,

712 (8th Cir. 1997).

Claims which could have been raised on direct appeal and were not so raised are not cognizable pursuant to 28 U.S.C. 2255 unless the movant can show cause and prejudice for his default in failing to raise the issue on direct appeal. *Dyer v. United States*, 23 F.3d 1421 (8th Cir. 1994); *Thompson v. United States* 7 F.3d 1377, 1379 (8th Cir. 1993); *Peltier v. Henman*, 997 F.2d 461 (8th Cir. 1993). Additionally, a Movant's *pro se* status does not excuse procedural default. *Stewart v. Nix*, 31 F.3d 741, 743 (8th Cir. 1994); *Stanley v. Lockhart*, 941 F.2d 707, 710 (8th Cir. 1991).

### **ISSUES RAISED ON DIRECT APPEAL MAY NOT BE RE-LITIGATED IN POST CONVICTION MOTIONS**

Issues raised on direct appeal and denied may not be re-litigated under 28 U.S.C. § 2255. *English v. United States*, 998 F.2d 609, 612-13 (8th Cir. 1993); *United States v. McGee*, 201 F.3d 1022 (8th Cir. 2000).

### **TEST FOR WHEN AN EVIDENTIARY HEARING IS REQUIRED AND BURDEN OF PROOF**

A motion filed under 28 U.S.C. § 2255 should be denied without an evidentiary hearing when the court records conclusively show that the movant is not entitled to relief. The statute provides, in pertinent part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Court states:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits in the prior proceedings in the case that the movant is not

entitled to relief in the district court, the judge shall make an order for its
summary dismissal and cause the movant to be notified.

When a petition is brought under § 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. In determining whether petitioner is entitled to an evidentiary hearing the court must take many of petitioner's factual averments as true, but the court need not give weight to conclusory allegations, self-interest and characterizations, discredited inventions, or opprobrious epithets. *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). A § 2255 motion may be dismissed without hearing if: (1) the movant's allegations, accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact. *Winters v. United States*, 716 F.3d 1098, 1103 (8th Cir. 2013).

The remedy provided by § 2255 does not encompass all claimed errors in conviction and sentencing. *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quoting *United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979)). A federal prisoner may file a § 2255 motion if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Meirovitz v. United States*, 688 F.3d 369, 370-71 (8th Cir. 2012) *cert. denied*, 133 S. Ct. 1248 (2013).

A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *United States v. Oldham*, 787 F.2d 454, 457 (8th Cir.1986). In exercising that discretion, the district court must determine whether the alleged facts, if true,

entitle the movant to relief. *Payne v. United States*, 78 F.3d 343, 347 (8th Cir.1996). When all the information necessary for the court to make a decision with regard to claims raised in a § 2255 motion is included in the record, there is no need for an evidentiary hearing. *Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993). An evidentiary hearing is unnecessary where the files and records conclusively show petitioner is not entitled to relief. *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989); *Dall v. United States*, 957 F.2d 571, 573 (8th Cir. 1992).

## DISCUSSION

**1. Defense counsel was not ineffective for failing to "timely file" a "written objection" at sentencing to the upward variance by the court in imposing a sentence above the Sentencing Guidelines range.**

In his first claim, Overbey maintains that his lawyer was ineffective for failing to "timely file" a "written objection" at sentencing to the upward variance by the court in imposing a sentence above the Sentencing Guidelines range. This allegation is conclusively refuted by the files, records and transcripts of the case.

At the outset, it should be noted that Overbey's counsel could not have filed a "written objection" to the upward variance prior to sentencing because the Presentence Report (Presentence Investigation Report (DCD 92) filed by U. S. Probation Officer Paul H. Boyd did not recommend an upward variance. In fact, the probation officer stated: "The probation officer has not identified any factors under 18 USC 3553(a) that may warrant a variance and imposition of a non-guideline sentence." (DCD 92, page 19). Defense counsel can hardly be faulted for not filing a written objection to that statement.

At the sentencing hearing, both the Government and defense counsel requested the Court to follow the recommendation of the Government for a sentence of 170 months. The prosecutor

noted: "[C]onsistent with the terms of the plea agreement the Government is recommending the midpoint of the sentencing range for . . . Mr. Overbey being a . . . convicted felon in possession of a firearm . . . [which is] 86 months. And for that sentence by statute to be served consecutive to the 84 months for Count 2 . . . So the overall sentence the Government is recommending is 170 months." TR. 4-5. Defense counsel concurred, stating:

> Judge, we are asking the Court to abide by the recommendation that's been negotiated with the Government in this case. There is more than I can tell that underlies this whole case, that the long relationship between Keith and his sister and who was really responsible here. And some of the – I mean, I don't think this bank robbery was his idea in the first place. She was the one who actually the evidence shows was talking to other people about who's down for a robbery and scheming and things like that.
> But I think that the PSI puts their roles as being equal, and I'm not going to quarrel with that. He did what he did and he was, of course, found guilty.
> So far as the total sentence that has been recommended by the Government I think is appropriate. The guidelines take into account all of these factors.
> Mr. Hahn said that some of those things that he mentioned about those assaults received no points, but I think each of them did. Each of them were counted as one point in computing the criminal history score, which is what the Court is – part of what the Court has adopted and comes up with the range of 77 to 94 months, I think it is, and then the mandatory 7 consecutive years that I think that is a rather significant sentence, Judge, and we would ask the Court to adopt similarly between the low end of what would be the guidelines or what the Government is recommending, which is 170 months.

(TR. 9-11).

This Court, on its own, after considering all of the relevant factors, then stated to the defendant: "The recommendation from the Government and from your lawyer is simply not sufficient to satisfy the factors in the sentencing guidelines." (TR. 13). After carefully explaining the reasoning, this Court imposed an upward variance and sentenced the defendant to 240 months. (TR. 14). Neither the prosecution nor the defense objected to the upward variance at the time. However, a written objection was not required and was not necessary to preserve the

defendant's right to appeal the upward variance. Indeed, the defendant did in fact appeal the Court's decision to vary upward. The Eighth Circuit found such claim to have no merit. *United States v. Overbey*, 699 F.3d 702 (8th Cir. 2012).

**2. Defense counsel was not ineffective for failing to object at sentencing to an "inappropriate application" of the sentencing factors under Title 18 U.S.C. Section 3553(a).**

Defense counsel was not ineffective for failing to object to the application of the sentencing factors under Title 18 U.S.C. Section 3553(a) for the simple reason that the Court applied them correctly. The Eighth Circuit has reviewed this Court's explanation of its analysis of the relevant sentencing factors, and concluded: "Here, the district court stated it considered the 18 U.S.C. Section 3553(a) factors, discussing several in detail. The district court did not commit any procedural error, plain or otherwise." *United States v. Overbey*, 696 F.3d 702, 705 (8th Cir. 2012). Likewise, this Court committed no substantive error in determining Overbey's sentence nor did it abuse its discretion in varying upward. *Id*., at 705-6. Certainly, any objection by defense counsel would have been meritless and futile.

**3. Defense counsel was not ineffective for failing to object at sentencing to the sentencing judge's explanation of his sentence.**

In his third point, Overbey claims that his lawyer rendered ineffective assistance of counsel by failing to object to this Court's explanation of his application of the sentencing factors under 18 U.S.C. Section 3553(a). Once again, the Eighth Circuit has already ruled that the district court's explanation of its consideration of the relevant sentencing factors was not error, "plain or otherwise." *United States v. Overbey*, 696 F.3d 702, 705 (8th Cir. 2012). It was not ineffective to refrain from making a meritless objection. This issue was squarely put to rest on

appeal.

**4. Petitioner's fourth allegation that he did not receive "effective assistance of counsel in sentencing, Direct Appeal, and in all critical phases of the proceedings" fails to state facts which would call for relief.**

In his fourth ground for relief in Overbey's petition is the bald and conclusory statement that he did not receive "effective assistance of counsel in sentencing, direct appeal, and in all critical phases of the proceedings." A conclusory statement of this sort is too vague and devoid of facts to meet Overbey's burden to allege facts, which if true, would entitle him to relief.

5. *Alleyne* Does Not Benefit Overbey

**A. The sentencing element of brandishing a firearm was charged in Count II of the Indictment, and Overbey admitted in the Plea Agreement and during the plea hearing that he aided and abetted his co-defendant in committing the armed bank robbery as alleged in Count I of the Indictment by the use, carrying and brandishing a firearm.**

The defendant in *Alleyne v. United States,* -- U.S. --, 133 S.Ct. 2151 (2013), was convicted of using or carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). Section 924(c) provides for a five-year mandatory minimum sentence for any violation, but the minimum term is increased to seven years if the firearm was brandished, and to ten years if the firearm was discharged. See 18 U.S.C. § 924(c)(1)(A)(i)-(iii). The jury at Alleyne's trial did not find that the firearm he used was brandished, and Alleyne argued that imposition of the seven-year mandatory minimum sentence based on the sentencing judge's finding of brandishing would violate his Sixth Amendment right to a jury trial under *Apprendi v. United States,* 530 U.S. 466 (2000). The judge rejected that claim and found by a preponderance of the evidence that the firearm was brandished and sentenced Alleyne to seven years of imprisonment for the Section 924(c) offense. The Supreme Court reversed the enhancement of Alleyne's sentence, holding that

the sentencing enhancement of brandishing should have been charged in the indictment as an element, and been found beyond a reasonable doubt by the jury to subject Alleyne to the increased punishment.

Overbey can claim no benefit from the holding of *Alleyne* because the sentencing element of brandishing a firearm was charged in Count II of the Indictment, to which Overbey pled guilty. In the Plea Agreement and during the plea hearing Overbey admitted that he aided and abetted his co-defendant's commission of armed bank robbery as alleged in Count I of the Indictment by the use, carrying and brandishing a firearm.

Overbey denies admitting his responsibility for brandishing a firearm during the commission of the bank robbery. The record, including the Indictment, Plea Agreement and Plea Transcript, indicates otherwise. On November 29, 2011, Overbey pled guilty to Count II, which included the sentencing element of brandishing. In the Plea Agreement, Overbey admitted that he aided and abetted his sister and co-defendant, Teresa Aguilera, in committing the crime of armed bank robbery by the use, carrying, and brandishing of a firearm. (Plea Ag., pp. 3-5) In the Statutory Penalties section of the Plea Agreement, Overbey agreed that "the defendant fully understands that the maximum possible penalty provided by law for the crime of Possession of a Firearm in Furtherance of a Crime of Violence, to which defendant is pleading guilty, is imprisonment of not less than seven (7) years (since the firearm was brandished) . . ." (*Id*. at p. 5)

> Aguilera took the U.S. currency by using force and violence or intimidation, and in so doing, Aguilera assaulted and put the life of the tellers, and other Bank employees in jeopardy by using a rifle, a dangerous weapon, while taking the described money.
> As charged in Count II, when Aguilera committed the crime of Bank Robbery, a crime of violence for which she may be prosecuted in a court of the United States, on December 14, 2010, in Perry County, Missouri, as charged in

      Count I of the Indictment, she knowingly used, carried, and brandished a firearm
during in and relation to that crime.
      Defendant Overbey aided abetted the offenses of Armed Bank Robbery
and Aiding and Abetting the Use of a Firearm in Connection with a Crime of
Violence that was committed by him and his sister, co-defendant Teresa Aguilera
on December 14, 2010, at the Peoples Bank of Altenberg in Perry County,
Missouri.

(Plea Ag., pp. 4-5) In fact, the elements of Count II were set forth in Overbey's Plea Agreement, which defined the crime of using a firearm in connection with a crime of violence as having three essential elements:

    <u>One</u>, Teresa Aguilera committed the crime of bank robbery as charged in Count I of the indictment;

    <u>Two</u>, Teresa Aguilera knowingly possessed and brandished a firearm; and

    <u>Three</u>, Teresa Aguilera possessed and brandished the firearm during and in relation to the crime.

(Plea Ag., p. 2) Brandishing the firearm is mentioned twice as elements. Overbey admitted being guilty of aiding and abetting the offense of using a firearm in connection with a crime of violence, as defined in the Plea Agreement.

    During the Plea Hearing, Overbey admitted the facts recited by the Government regarding his participation in Count II, including that "Ms. Aguilera approached the counter and threw the green bank bag to the victim teller and demanded money while pointing the SKS rifle at the victim teller." (Plea Tr., pp. 13-14) As charged in Count II, "when Aguilera committed the crime of bank robbery, . . . she knowingly used, carried and brandished a firearm during in and relation of that crime." (*Id*. at 15) "The Defendant Mr. Overbey's involvement in that crime is that he aided and abetted all of the offenses described earlier . . ." (*Id*.) "Mr. Overbey knowingly

- 12 -

provided the SKS rifle to Aguilera for the purpose of her using the rifle to commit the armed bank robbery at The People's Bank of Altenburg." (*Id*. at 16)

When asked if he had heard the statements of the prosecutor, Overbey replied "I have." (*Id*. at 17) Overbey admitted that everything the prosecutor said was true and correct. When asked if he admitted that he had done all those acts described by the prosecutor, Overbey responded "I did." (Id.) This Court subsequently recited the elements of using a firearm in connection with a crime of violence. Overbey admitted that co-defendant Aguilera "knowingly possessed and brandished a firearm, and that she possessed and brandished a firearm during and in relation to that crime of the bank robbery," and that he was "guilty of aiding and abetting the offense of using a firearm in connection with a crime of violence . . ." (Id. at 17-18)

Because the Indictment charged Overbey with aiding and abetting a bank robbery, committed by the use, carrying and brandishing of a firearm, and because Overbey admitted to the brandishing element in the Plea Agreement and at the plea hearing, no violation of *Alleyne* occurred.

### B. Overbey's Waiver of His Right to File a Post-Conviction Relief Motion Bars His *Alleyne* Claim

Even if brandishing had not been charged as an element of Count II, in his Plea Agreement Overbey waived his rights to pursue such a claim.

> **b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel. This waiver of habeas corpus rights includes all issues relative to the case presented to the jury on September 26 and 27, 2011, in which defendant Overbey was found guilty of Count III.

(Plea Ag., pp. 8-9) Negotiated waivers of appellate rights and rights to pursue post-conviction

relief have been upheld by the Eighth Circuit. *See United States v. Andis,* 333 F.3d 886, 889 (8th Cir. 2003) (waiver of the right to appeal a sentence contained in a plea agreement is generally enforceable)*; United States v. His Law*, 85 F.3d 379 (8th Cir. 1996).

The Eighth Circuit has determined that a waiver of a right to appeal is enforceable if "the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily." *Andis,* 333 F.3d at 889-90. The court may still refuse to enforce a waiver of appeal "if to do so would result in a miscarriage of justice." *Id*. at 890. However, plea agreements "should not be easily voided by the courts," and this narrow exception "will not be allowed to swallow the general rule that waivers of appellate rights are valid." *Id*. at 891.

As indicated in the Plea Agreement and in the plea hearing, Overbey entered his guilty plea knowingly and voluntarily. He received a benefit by the dismissal of Count I, Armed Bank Robbery. Overbey's *Alleyne* claim set forth in Supplemental Ground One is not a claim related to ineffective assistance of counsel or prosecutorial misconduct. It is, therefore, precluded by the waiver provision. Accordingly, Overbey's waiver of his right to collaterally attack his conviction pursuant to 28 U.S.C. § 2255 should be enforced against him. *See Chesney v. United States*, 367 F.3d 1055 (8th Cir. 2004).

**6. Claim of Ineffective Assistance of Counsel for Failing to Convey Plea Offer**

In his final ground, Overbey claims that his lawyer was ineffective because he failed to adequately convey a purported plea offer of 14 years imprisonment. Overbey claims that he would have accepted the Government's purported 14 year plea offer and would not have insisted on proceeding to trial.

In *Missouri v. Frye,* ––U.S. ––, 132 S.Ct. 1399, 1408 (2012), the Supreme Court held that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Defense counsel is not rendering effective assistance to his client if counsel allows a formal plea offer "to expire without advising the defendant or allowing him to consider it[.]" *Id.* A "formal offer means that its terms and its processing can be documented so that what took place in the negotiation process becomes more clear if some later inquiry turns on the conduct of earlier pretrial negotiations." *Id*. at 1409. If a formal plea offer had been made by the Government and not communicated to the defendant, to be entitled to relief the defendant must still establish prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984). The "defendant must show not only a reasonable probability that he would have accepted the lapsed plea but also a reasonable probability that the prosecution would have adhered to the agreement and that it would have been accepted by the trial court." *Id.* at 1410-11.

In its response in opposition the Government makes a persuasive argument that 1) no formal plea agreement for 14 years was ever made, and 2) even if that plea agreement had been offered, Overbey was not prejudiced. However, in an abundance of caution, this Court will order an evidentiary hearing on the question of whether or not a 14-year plea agreement was made by the Government and not conveyed to defendant.

## **CONCLUSION**

For the foregoing reasons, Grounds One, Two, Three, Four and Five in the Petition filed by Keith William Overbey are denied without an evidentiary hearing.

On Ground Six, an evidentiary hearing is set for the resolution of Overbey's claim that his attorney did not convey a 14 year plea offer to him on **Monday, March 31, 2014 at 11:00 a.m.**

Attorney Jacob Zimmerman is appointed to represent Petitioner Overbey.

**SO ORDERED** this 29th day of January, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE